

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAURICE C. MCDOWALL,

                **MEMORANDUM & ORDER**

                09-CV-0695 (NGG) (LB)

Plaintiff,

-against-

METROPOLITAN DETENTION CENTER,
LT. GUIMOND, UNIT MANAGER B.
BEARD, and COUNSELOR J. ANDERSON,

Defendants.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

## I.    BACKGROUND

Unless otherwise noted, the following facts are drawn from the Government's Rule 56.1 Statement of Undisputed Facts (Docket Entry # 20 ("Govt. 56.1")) and supporting affidavits and exhibits (see Docket Entry # 22).[1]

Pro se plaintiff Maurice McDowall ("Plaintiff") is currently an inmate at the Allenwood Federal Corrections Complex in Pennsylvania.[2] Between October 9, 2008, and January 28, 2009, Plaintiff was held at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (Govt. 56.1 ¶¶ 2, 25.) While there, Plaintiff developed apical periodontitis – essentially, an

---

[1] Plaintiff has not submitted a Rule 56.1 Statement of Undisputed Facts or a response to the Defendants' Rule 56.1 Statement, and does not dispute any of the statements contained in the Defendants' 56.1 Statement or supporting affidavits. Because Plaintiff is pro se, the court has reviewed the entire record submitted by the parties to determine whether there are disputed issues of material fact and whether the facts as stated in the Defendants' Rule 56.1 Statement are accurate.

[2] See Federal Bureau of Prisons Inmate Locator, available at
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Ma urice&Middle=&LastName=McDowall&Race=U&Sex=U&Age=&x=82&y=7 (last visited August 26, 2010).

1

abscessed tooth and accompanying pain and inflammation. (Id. ¶¶ 14-21.) According to the Complaint, Plaintiff began experiencing pain on November 5, 2008. (Compl. (Docket Entry # 4-2) 2.) On November 9, 2008, Plaintiff met with a nurse and received a penicillin prescription. (Soloveichik Decl. Ex. A (Docket Entry # 22-2) ("Med. Records") 6). The next day, a dentist at the MDC clinic incised and drained the infected tooth and administered painkillers and antibiotics. (Id. 7-8; Govt. 56.1 ¶¶ 18-21.)

Plaintiff filed this Bivens action on February 5, 2009.[3] (See Compl.) Although the Complaint does not specify which laws the Defendants allegedly violated, the court construes Plaintiff's factual allegations as asserting an Eighth Amendment claim that Defendants were deliberately indifferent to his medical needs. See Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). Specifically, Plaintiff alleges that Defendant Unit Manager Benius Beard "saw my swollen face and promised me to get help from the dentist and never did"; that Defendant Lieutenant Brian Guimond "promised me that if they can't get me out in a hospital, they will treat me, which they never did"; that Defendant Jessie Anderson, an MDC counselor, refused to help Plaintiff see the dentist; and that Plaintiff "was in pain for six days without painkillers." (Id. 3.) Apart from complaining to the individual defendants, Plaintiff did not pursue any internal administrative remedies prior to filing suit. (Id. 4; Govt. 56.1 ¶¶ 48-50.) Defendants now move for summary judgment on all claims. (Docket Entry # 18.)

II. STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

---

[3] Although Plaintiff brought suit under 42 U.S.C. § 1983, which provides a damages remedy for constitutional violations by state (but not federal) actors, this court construes the pro se Complaint as asserting claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which provides for constitutional tort actions against federal government officers.

2

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A grant of summary judgment is proper "when no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight," Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994).

## III. DISCUSSION

The undisputed evidence in this case establishes that Plaintiff's claims must be dismissed because he has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA dictates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held

that the PLRA exhaustion requirement "applies to all inmate suits about prison life," including Eighth Amendment suits predicated on a single incident or episode. Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Federal Bureau of Prisons has established a four-step administrative-remedies process that federal inmates must follow to meet the PLRA's exhaustion requirement. First, the inmate must attempt to informally resolve any issue of concern with prison staff. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the informal resolution of the issue, he must submit a formal written Request for Administrative Remedy (BP-9) form within 20 calendar days of the date on which the basis for a remedy request occurred. 28 C.F.R. § 542.14(a). An inmate who is not satisfied with the response to his BP-9 may submit an appeal on a BP-10 form to the Regional Director within 20 calendar days of the date of the warden's signed response. 28 C.F.R. § 542.15. And an inmate who is not satisfied with the Regional Director's response may submit a final appeal on a BP-11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's signed response. Id.

In this case, Plaintiff attempted to informally resolve his concerns about his medical treatment (or lack thereof) with prison staff. (See Compl. 3.) But Plaintiff never took the additional required steps of timely filing a Request for Administrative Remedy (BP-9), Regional Administrative Remedy Appeal (BP-10), or Central Office Administrative Remedy Appeal (BP-11) for any of the conduct alleged in the Complaint. (Compl. 3; Govt. 56.1 ¶¶ 48-50.) This failure mandates dismissal of his claims and entitles Defendants to summary judgment as a matter of law. Porter, 534 U.S. at 532 (2002). Plaintiff's pro se status does not alter this result. See Houze v. Segarra, 217 F. Supp.2d 394, 395-96 (S.D.N.Y. 2002) (dismissing prisoner's complaint for failure to exhaust administrative remedies, as required by PLRA, after

acknowledging that prisoner, as pro se litigant, is afforded special leniency); Davis v. "Official Capacity" et al., No. 08-cv-364 (NRB), 2009 U.S. Dist. LEXIS 48497, at *9 (S.D.N.Y. May 20, 2009) (same).

IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' Motion for Summary Judgment. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 30, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge